UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HOULHIAN,
        Petitioner,

No. 1:08-cv-1071

-v-

HONORABLE PAUL L. MALONEY

LLOYD RAPELJE,
        Respondent.

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on a report and recommendation (ECF No. 21) of the magistrate judge. The magistrate judge recommends denying Kenneth Houlihan's ("Petitioner") petition for writ of habeas corpus, filed under 28 U.S.C. § 2254. Petitioner filed a single page objection (ECF No. 23), where, in an effort to avoid redundancy, he "stands firm to the cases and arguments stated in his Petition."

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Specific objections are necessary to focus the district court's attention on particular issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes

judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

Petitioner's objections are not sufficiently specific to merit consideration. An objection is sufficiently specific when it explains and cites the portions of the report the objecting party finds problematic. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citation omitted). Nonspecific and general objections, which incorporate by reference arguments raised in previous briefs, will ordinarily not provide the specificity required for this court to perform a *de novo* review. *See Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir. 1997); *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994); *see also Curry v. City of Mansfield Ohio/Wastewater Treatment Plant*, No. 98-3518, 201 F.3d 440, at * 1 (6th Cir. Dec. 8, 1999) (per curiam) (unpublished table opinion) ("The plaintiff's general objections do not even identify the plaintiff's specific claims, much less the factual findings or legal conclusions to which she objected. The 'incorporation' of the plaintiff's brief in opposition to summary judgment did not assist the district court, as the court specifically noted."); *Cline v. City of Mansfield*, ___ F.Supp.2d ___, 2010 WL 3860735, at * 5 (N.D. Ohio Sept. 30, 2010) ("The Parties also attempt to incorporate their initial motions for summary judgment into their objections, essentially defeating the purpose of the referral in the first place."); *Morrison v. Parker*, 90 F.Supp.2d 876, 878 (W.D. Mich. 2000) ("Plaintiffs' general, nonspecific objections, purporting to incorporate by reference their earlier brief, are tantamount to objection at all and do not warrant further review.") (citations omitted).

Therefore, the report and recommendation (ECF No. 21) is **ADOPTED** as the opinion of this court. The petition is **DENIED.** Having failed to identify specific objections to the report and recommendation, the issues raised are waived and cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Having reviewed the amended petition and report and recommendation, reasonable jurists would not disagree with the denial of the petition. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

Date: January 26, 2011 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge